UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. David Wayne Forsyth**            **Docket No. 5:08-CR-254-1BO**

**Petition for Action on Supervised Release**

COMES NOW Scott Plaster, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of David Wayne Forsyth, who, upon an earlier plea of guilty to Enticing a Minor to Engage in Prohibited Sexual Act, was sentenced by the Honorable James C. Fox, Senior U.S. District Judge, on February 5, 2009, to the custody of the Bureau of Prisons for a term of 120 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of life.

David Wayne Forsyth was released from custody on May 19, 2017, at which time the term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** The defendant is currently on supervised release as a result of his conviction for the offense of Enticing a Minor to Engage in Prohibited Sexual Act. When the defendant was sentenced, he was ordered to participate in mental health/sex offender treatment, evaluation testing, clinical polygraphs and other assessment instrument, including abiding by the rules and regulations of the NCE Sex Offender Program. The Eastern District of North Carolina no longer requires a defendant to abide by the rules and regulations of the NCE Sex Offender Program. Instead, the probation office has tailored specific additional conditions to meet the needs of each defendant. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** the removal of the condition that includes the NCE Sex Offender Program that was previously imposed by the court and that supervised release be modified by adding the following special conditions:

1. To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones, tablets, and data storage devices) which may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from the defendant's possession for the purpose of conducting a thorough inspection.

2. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

3. The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., waiters, cashiers, ticket vendors, etc.).

4. The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer.

5. The defendant shall not loiter within 1000 feet of any area where minors frequently congregate (e.g., parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, and circuses) without prior written permission from the U.S. Probation Officer.

6. The defendant shall not have any social networking accounts without the approval of the U.S. Probation Officer.

7. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of eighteen (18) without written permission from the U.S. Probation Officer. Under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of eighteen.

8. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

9. The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional who is experienced in evaluating sexual offenders and who is approved by the U.S. Probation Officer.

10. The defendant shall participate in a sex offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all the rules, requirements, and conditions of the treatment program until discharged. The defendant shall take medication as prescribed by the treatment provider.

Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Jeffrey L. Keller<br>Jeffrey L. Keller<br>Supervising U.S. Probation Officer | /s/ Scott Plaster<br>Scott Plaster<br>U.S. Probation Officer<br>310 New Bern Avenue, Room 610<br>Raleigh, NC 27601-1441<br>Phone: 919-861-8808<br>Executed On: May 25, 2017 |

David Wayne Forsyth
Docket No. 5:08-CR-254-1BO
Petition For Action
Page 3

## ORDER OF THE COURT

Considered and ordered this _25_ day of _May_, 2017, and ordered filed and made a part of the records in the above case.

_____
Terrence W. Boyle
U.S. District Judge